UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERYL BROSONSKI AND<br>MICHAEL BROSONSKI | CIVIL ACTION |
| VERSUS | NO: 07-7142 |
| HANOVER INSURANCE COMPANY<br>AND JOSE ARRIAGA | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion of Sheryl Brosonski and Michael Brosonski to remand the case to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is **DENIED**.  (Document #6.)

## I. BACKGROUND

Sheryl Brosonski and Michael Brosonski insured their property at 4513 Newlands Street, Metairie, Louisiana, with Hanover Insurance Company (Hanover).  The policy provides coverage in the amount of $410,000:  dwelling coverage limits of $205,000, "other structures" limits of $20,500, personal property coverage limits of $143,500, and loss of use coverage limits of $41,000.

The Brosonskis filed a claim for extensive damage to their property due to Hurricane Katrina.  When the claim was not paid to their satisfaction, the Brosonskis filed a petition for

declaratory judgment and damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against Hanover and Jose Arriaga, the contractor they hired to repair the property.  The plaintiffs seek 1) a declaratory judgment that the insurance policy applies to all losses sustained by them and 2) claims for damages against Hanover for breach of contract, intentional infliction of emotional distress, and bad faith claims adjusting.  As to Jose Arriaga, the Brosonskis allege that there is a dispute concerning the charges and fees for repair of the property.  They seek a declaratory judgment that the contractor fees are reasonable and that the repairs are covered under the policy.  The plaintiffs also allege that they are entitled to penalties and attorney's fees for Hanover's bad faith failure to pay their claim.

Hanover removed the case to federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  The plaintiffs filed a motion to remand the case to state court.[1]

## II. DISCUSSION

**A.  Legal standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part:  "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  "District courts have original

---

[1] Hanover contends that there is diversity of citizenship because Jose Arriaga is improperly joined and should be disregarded for purpose of determining jurisdiction.  Hanover argues that the plaintiffs do not allege a claim against Jose Arriaga, but seek a declaratory judgment that the contractor fees and estimates are reasonable.  Therefore, Hanover contends, that his interests are aligned with the plaintiffs' interests, and he does not defeat diversity jurisdiction
   In their motion to remand, the Bronsonskis do not oppose the argument that Jose Arriaga is improperly joined as a defendant and that there is diversity of citizenship.  They base their motion to remand for lack of jurisdiction solely on the amount in controversy.

jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties." Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (citing 28 U.S.C. § 1332).  Because Louisiana prohibits plaintiffs from stating the amount of damages in the petition, the removing party must establish the jurisdictional amount by a preponderance of the evidence.  See Louque v. Allstate Ins. Co., 314 F.3d 776, 779 (5th Cir. 2002).   In determining the amount in controversy to establish diversity jurisdiction, the court does not pre-try the sufficiency of the complaint.  Id. at 782.  "Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [plaintiff] could actually recover."  Id. (internal quotation and citation omitted).

> The party seeking to maintain federal jurisdiction has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Grant v. Chevron Phillips Chemical Co., L.P., 309 F.3d 864, 868 (5th Cir. 2002).  "[S]uch party may satisfy this burden in either of two ways:  (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount."  Id.

**B.  Amount in controversy**

The Brosonskis contend that Hanover has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000.  They further argue that there is no support for the contention that attorney's fees and penalties would elevate the claim to more than $75,000.

The court concludes that it is facially apparent from the petition that the claim likely exceeds $75,000.  In their petition, the plaintiffs allege damages under the policy for "massive repairs" due to "extensive wind damage" because their property was damaged to the extent that it was "unable to be occupied and necessitated massive repairs."   Hanover presents an affidavit of Sandra Andry, Hanover's Regional General Adjuster, that the total amount paid by Hanover at the time of removal was $30,941.28 on a policy with a limit of $410,000.  Moreover, the plaintiffs allege that Hanover acted in bad faith, and they are entitled to penalties and attorney's fees under La. Rev. Stat. 22:658 and 22:1220.  La. Rev. Stat. 22:658 provides for penalties up to 50% of the damage amount owed, and La. Rev. Stat. 22:1220 provides for penalties up to two times the additional damages sustained.[2]  Accordingly, the court has jurisdiction, and the motion to remand is denied.

New Orleans, Louisiana, this   25th  day of January, 2008.

                                         **MARY ANN VIAL LEMMON**
                                         **UNITED STATES DISTRICT JUDGE**

---

[2] There is a close relationship between the conduct described in La. Rev. Stat. 22:658 and 22:1220.  See Dixon v. First Premium Ins. Group, 934 So.2d 134, 143 (La. Ct. App. 2006).  "Where La. Rev. Stat 22:1220 provides the greater penalty, it supersedes La. Rev. Stat. 22:658, such that the insured cannot recover penalties under both statutes.  However, because La. Rev. Stat. 22:1220 does not provide for attorney fees, the insured is entitled to recover the greater penalties under its provisions and attorney fees under La. Rev. Stat. 22:658 for its insurer's arbitrary or capricious failure to timely pay his claim after receiving satisfactory proof of loss." Id.